UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4311

ANTHONY ALEXANDER WHETSTONE,
a/k/a Toot,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CR-95-320)

Submitted: December 19, 1996

Decided: January 6, 1997

Before ERVIN and MOTZ, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert W. Mills, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Cameron Glenn Chandler, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Anthony Alexander Whetstone was convicted by a jury of conspiracy to possess cocaine and crack cocaine with intent to distribute, 21 U.S.C. § 846 (1994), and use of a telephone to facilitate a drug offense, 21 U.S.C. § 843(b) (1994). He appeals his 121-month sentence on the grounds that the district court clearly erred in determining that the amount of crack attributable to him was more than 50 grams and abused its discretion by declining to continue the sentencing hearing. We affirm.

At Whetstone's trial, co-defendants Pamela Rogers and Jim McLeod testified that they sold crack to him. McLeod testified that he gave Whetstone an ounce of crack (28.35 grams) in the fall of 1994, for which he was not fully paid.* Rogers testified that she sold crack to Whetstone from the summer of 1993 until her arrest in February 1995. She said she initially sold him three grams and then fronted him another three grams for which she was never paid. Thereafter, he bought crack from her for cash on a weekly basis in amounts ranging from half a gram to three grams. The probation officer calculated that, at a minimum, Whetstone bought 23 grams of crack from Rogers. The minimum amount of crack attributed to Whetstone was 51 grams.

Whetstone disputed the crack amount and requested a continuance of sentencing so that Rogers, who was out of state, could testify, arguing that her trial testimony was too vague to establish the 23 grams. Instead, the district court reviewed the transcript of Rogers' trial testimony, found that the evidence established Whetstone's involvement

_____

*McLeod also testified that he later fronted Whetstone another ounce of crack for which he was never paid; however, the probation officer did not include this amount in the offense level calculation and the district court did not consider it.

2

with over 50 grams of crack, and decided against continuing the sentencing.

We find no merit in Whetstone's contention that Rogers was not a credible witness because she admitted regularly smoking marijuana and had entered into a plea agreement. The judge who sentenced Whetstone had also presided over the trial and was able to judge Rogers' credibility. We do not second-guess that decision. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1988). To the extent that Rogers was uncertain of the total amount she sold to Whetstone, he was given the benefit of every doubt. The district court did not clearly err in finding that the government had proved by a preponderance of the evidence that Whetstone was responsible for at least 50 grams of crack. Because the transcript of Rogers' testimony was adequate to resolve the issue, the district court did not abuse its discretion in denying a continuance.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3